**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
          chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Kenneth Rice**, | No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **Mirage-Luxe Limousine, LLC**, an Arizona Limited Liability Company, **The Seashan Family Limited Liability Partnership**, an Arizona Limited Liability Partnership, **The KN Amjadi Family Limited Liability Partnership**, an Arizona Limited Liability Partnership, **Keyvan Amjadi and Jane Doe Amjadi**, a Married Couple, **Kamran Amjadi and Jane Doe Amjadi II**, a Married Couple, **Azid Amjadi and Jane Doe Amjadi III** | |
| Defendant. | |

        Plaintiff, Kenneth Rice ("Plaintiff"), sues the Defendants, Mirage-Luxe

Limousine, LLC, The Seashan Family Limited Liability Partnership, The KN Amjadi

Family Limited Liability Partnership, Keyvan Amjadi and Jane Doe Amjadi, Kamran

Amjadi and Jane Doe Amjadi II, and Azid Amjadi and Jane Doe Amjadi III (collectively,

"Defendants") and alleges as follows:

**PRELIMINARY STATEMENT**

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

1.     This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S."); and the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 8.

2.     The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207.

3.     The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4.     The AWA, A.R.S § 23-350, et seq., establishes the law regarding the payment of wages within the State of Arizona.

**JURISDICTION AND VENUE**

5.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

7.      At all material times, Plaintiff is an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

8.      At all material times, Defendant Mirage-Luxe Limousine, LLC was a limited liability company duly licensed to transact business in the State of Arizona.  At all material times, Defendant Innovative Manufacturing Solutions, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

9.      Defendant Mirage-Luxe Limousine, LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

10.      Under the FLSA, Defendant Mirage-Luxe Limousine, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Mirage-Luxe Limousine, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in relation to the

company's employees, Defendant Mirage-Luxe Limousine, LLC is subject to liability under the FLSA.

11.     At all material times, Defendant The Seashan Family Limited Liability Partnership was a limited liability partnership duly licensed to transact business in the State of Arizona.  At all material times, Defendant The Seashan Family Limited Liability Partnership does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

12.     Defendant The Seashan Family Limited Liability Partnership is an Arizona limited liability partnership, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

13.     Under the FLSA, Defendant The Seashan Family Limited Liability Partnership is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant The Seashan Family Limited Liability Partnership had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in relation to the company's employees, Defendant The Seashan Family Limited Liability Partnership is subject to liability under the FLSA.

14.     At all material times, Defendant The KN Amjadi Family Limited Liability Partnership was a limited liability partnership duly licensed to transact business in the

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-4-

State of Arizona. At all material times, Defendant The KN Amjadi Family Limited Liability Partnership does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

15. Defendant The KN Amjadi Family Limited Liability Partnership is an Arizona limited liability partnership, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

16. Under the FLSA, Defendant The KN Amjadi Family Limited Liability Partnership is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant The KN Amjadi Family Limited Liability Partnership had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Defendant The KN Amjadi Family Limited Liability Partnership is subject to liability under the FLSA.

17. Defendant Keyvan Amjadi and Jane Doe Amjadi are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Keyvan Amjadi and Jane Doe Amjadi are owners of Defendant Mirage-Luxe Limousine, LLC and Defendant The KN Amjadi Family Limited Liability Partnership and were at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

-5-

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

18.     Under the FLSA, Defendants Keyvan Amjadi and Jane Doe Amjadi are employers.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  Keyvan Amjadi and Jane Doe Amjadi are the owners of Defendant Mirage-Luxe Limousine, LLC and Defendant The KN Amjadi Family Limited Liability Partnership.  At all relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Defendants in relation to the company's employees, Keyvan Amjadi and Jane Doe Amjadi are subject to individual liability under the FLSA.

19.     Defendant Kamran Amjadi and Jane Doe Amjadi II are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Kamran Amjadi and Jane Doe Amjadi II are owners of Defendant Mirage-Luxe Limousine, LLC and Defendant The Seashan Family Limited Liability Partnership and were at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

20.     Under the FLSA, Defendants Kamran Amjadi and Jane Doe Amjadi II are employers.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  Kamran Amjadi and Jane Doe Amjadi II are the owners of Defendant Mirage-Luxe Limousine, LLC and Defendant The Seashan Family Limited Liability Partnership. At all relevant times, they

had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Defendants in relation to the company's employees, Kamran Amjadi and Jane Doe Amjadi II are subject to individual liability under the FLSA.

21.     Defendant Azid Amjadi and Jane Doe Amjadi III are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Azid Amjadi and Jane Doe Amjadi III are owners of Defendant Mirage-Luxe Limousine, LLC and Defendant The Seashan Family Limited Liability Partnership and were at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

22.     Under the FLSA, Defendants Azid Amjadi and Jane Doe Amjadi III are employers.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  Azid Amjadi and Jane Doe Amjadi III are the owners of Defendant Mirage-Luxe Limousine, LLC and Defendant The Seashan Family Limited Liability Partnership.  At all relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Defendants in relation to the

-7-

company's employees, Azid Amjadi and Jane Doe Amjadi III are subject to individual liability under the FLSA.

23.     Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

24.     Defendants, and each of them, are sued in both their individual and corporate capacities.

25.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

26.     At all relevant times, Plaintiff was an "employee" of Defendants Mirage-Luxe Limousine, LLC, The Seashan Family Limited Liability Partnership, The KN Amjadi Family Limited Liability Partnership, Keyvan Amjadi and Jane Doe Amjadi, Kamran Amjadi and Jane Doe Amjadi II, and Azid Amjadi and Jane Doe Amjadi III as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

27.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants Mirage-Luxe Limousine, LLC, The Seashan Family Limited Liability Partnership, The KN Amjadi Family Limited Liability Partnership, Keyvan Amjadi and Jane Doe Amjadi, Kamran Amjadi and Jane Doe Amjadi II, and Azid Amjadi and Jane Doe Amjadi III.

28.     At all relevant times, Defendants Mirage-Luxe Limousine, LLC, The Seashan Family Limited Liability Partnership, The KN Amjadi Family Limited Liability Partnership, Keyvan Amjadi and Jane Doe Amjadi, Kamran Amjadi and Jane Doe

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

Amjadi II, and Azid Amjadi and Jane Doe Amjadi III were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

29.     The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants Mirage-Luxe Limousine, LLC, The Seashan Family Limited Liability Partnership, The KN Amjadi Family Limited Liability Partnership, Keyvan Amjadi and Jane Doe Amjadi, Kamran Amjadi and Jane Doe Amjadi II, and Azid Amjadi and Jane Doe Amjadi III.

30.     At all relevant times, Plaintiff was an "employee" of Defendants Mirage-Luxe Limousine, LLC, The Seashan Family Limited Liability Partnership, The KN Amjadi Family Limited Liability Partnership, Keyvan Amjadi and Jane Doe Amjadi, Kamran Amjadi and Jane Doe Amjadi II, and Azid Amjadi and Jane Doe Amjadi III as defined by the Arizona A.R.S. § 23-350, et seq.

31.     At all relevant times, Defendants Mirage-Luxe Limousine, LLC, The Seashan Family Limited Liability Partnership, The KN Amjadi Family Limited Liability Partnership, Keyvan Amjadi and Jane Doe Amjadi, Kamran Amjadi and Jane Doe Amjadi II, and Azid Amjadi and Jane Doe Amjadi III were and continue to be "employers" as defined by A.R.S. § 23-350.

32.     At all relevant times, Plaintiff was an "employee" of Defendants Mirage-Luxe Limousine, LLC, The Seashan Family Limited Liability Partnership, The KN Amjadi Family Limited Liability Partnership, Keyvan Amjadi and Jane Doe Amjadi, Kamran Amjadi and Jane Doe Amjadi II, and Azid Amjadi and Jane Doe Amjadi III as defined by A.R.S. § 23-362.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

33.     At all relevant times, Defendants Mirage-Luxe Limousine, LLC, The Seashan Family Limited Liability Partnership, The KN Amjadi Family Limited Liability Partnership, Keyvan Amjadi and Jane Doe Amjadi, Kamran Amjadi and Jane Doe Amjadi II, and Azid Amjadi and Jane Doe Amjadi III were and continue to be "employers" as defined by A.R.S. § 23-362.

34.     Defendants Mirage-Luxe Limousine, LLC, The Seashan Family Limited Liability Partnership, The KN Amjadi Family Limited Liability Partnership, Keyvan Amjadi and Jane Doe Amjadi, Kamran Amjadi and Jane Doe Amjadi II, and Azid Amjadi and Jane Doe Amjadi III individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

35.     Plaintiff, in his work for Defendants Mirage-Luxe Limousine, LLC, The Seashan Family Limited Liability Partnership, The KN Amjadi Family Limited Liability Partnership, Keyvan Amjadi and Jane Doe Amjadi, Kamran Amjadi and Jane Doe Amjadi II, and Azid Amjadi and Jane Doe Amjadi III, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

36.     At all relevant times, Plaintiff, in his work for Defendants Mirage-Luxe Limousine, LLC, The Seashan Family Limited Liability Partnership, The KN Amjadi Family Limited Liability Partnership, Keyvan Amjadi and Jane Doe Amjadi, Kamran Amjadi and Jane Doe Amjadi II, and Azid Amjadi and Jane Doe Amjadi III, was engaged in commerce or the production of goods for commerce.

37.     At all relevant times, Plaintiff, in his work for Defendants Mirage-Luxe Limousine, LLC, The Seashan Family Limited Liability Partnership, The KN Amjadi

1
2
3

Family Limited Liability Partnership, Keyvan Amjadi and Jane Doe Amjadi, Kamran

Amjadi and Jane Doe Amjadi II, and Azid Amjadi and Jane Doe Amjadi III, was engaged

in interstate commerce.

4
5
6
7
8
9
10

38.     Plaintiff, in his work for Defendants Mirage-Luxe Limousine, LLC, The

Seashan Family Limited Liability Partnership, The KN Amjadi Family Limited Liability

Partnership, Keyvan Amjadi and Jane Doe Amjadi, Kamran Amjadi and Jane Doe

Amjadi II, and Azid Amjadi and Jane Doe Amjadi III, regularly handled goods produced

or transported in interstate commerce.

11

## NATURE OF THE CLAIM

12
13

39.     Defendants owns and/or operates as Mirage-Luxe Limousines, LLC, an

enterprise located in Maricopa County, Arizona.

14
15
16
17

40.     Plaintiff was hired by Defendants as a driver and worked for Defendants

between approximately February 15, 2020 and March 7, 2020, when Plaintiff left his

employment with Defendants.

18
19
20

41.     Defendants compensated Plaintiff at a rate of $25, paid on a biweekly basis

on Wednesdays.

21

42.     Plaintiff drove for Defendants one day per week, on Saturdays.

22
23

43.     Plaintiff received his first paycheck which on approximately February 26,

which compensated him for his first two shifts on February 15 and February 22.

24
25
26
27

44.     Plaintiff was not compensated for all hours worked on his February 22

shift.  Plaintiff confronted Defendant Keyvan Amjadi regarding the shortage in his

paycheck, and Defendant Keyvan Amjadi advised Plaintiff that while his hourly rate was

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

$25.00, he only paid employees for time that they were driving for a scheduled jobs, and did not compensate employees for their time at the office or traveling from the office to a driving job or from any driving jobs back to the office.

45.    As a result of Defendants failure to compensate Plaintiff for all hours worked, Defendants failed to pay Plaintiff all wages owed in violation of the AWA, A.R.S. § 23-351.

46.    Plaintiff worked two additional shifts for Defendants, on February 29, 2020 and March 7, 2020.  Plaintiff worked approximately 12 hours each shift.

47.    Plaintiff's paycheck for his final two weeks of work was due on approximately March 10, 2020, but Defendants refused to pay Plaintiff his final paycheck.

48.    Despite having worked approximately 24 hours for Defendants during his final shifts, Defendants paid Plaintiff no wages whatsoever for the final two weeks of his employment with Defendants.

49.    As a result of not having paid any wage whatsoever to Plaintiff for the final two weeks of his employment with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

50.    As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for the final two weeks of his employment, Defendants have violated 29 U.S.C. § 206(a).

51.     As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for the final two weeks of his employment, Defendants have violated the AMWA, A.R.S. § 23-363.

52.     As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for the final two weeks of his employment, Defendants have violated the AMA, A.R.S., § 23-351.

53.     Defendants have and continue to violate the FLSA by not paying Plaintiff the full applicable minimum wage for all hours worked during his regular workweeks.

54.     Defendant have and continue to violate the AMWA by not paying Plaintiff the full applicable minimum wage for all hours worked during his regular workweeks.

55.     Defendant have and continue to violate the AWA by not paying Plaintiff any wage whatsoever for all hours worked during his regular workweeks.

56.     Plaintiff is a covered employee within the meaning of the FLSA.

57.     Plaintiff is a covered employee within the meaning of the AMWA.

58.     Plaintiff is a covered employee within the meaning of the AWA.

59.     For the entirety of his employment with Defendants, Plaintiff was a non-exempt employee.

60.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

61.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

62.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

63.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

64.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid wages as liquidated damages, and interest under A.R.S § 23-355.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

65.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

66.     Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them for the final two weeks of his employment.

67.     Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the FLSA, 29 U.S.C. § 206(a).

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

68.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Kenneth Rice, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendant committed one of more of the following acts:

    i.     Violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;

    ii.     Willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by willfully failing to pay proper minimum wages;

B.     For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest;

E.     For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.     Such other relief as this Court shall deem just and proper.

## COUNT TWO: ARIZONA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

69.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

70.     Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them for the final two weeks of his employment with Defendants.

71.     Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the AMWA, A.R.S. § 23-363.

72.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the unpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Kenneth Rice, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendants committed one of more of the following acts:

    i.      Violated minimum wage provisions of the AMWA, A.R.S. § 23-363, by failing to pay proper minimum wages;

    ii.     Willfully violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by willfully failing to pay proper minimum wages;

B.     For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.      For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D.      For the Court to award prejudgment and post-judgment interest;

E.      For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.      Such other relief as this Court shall deem just and proper.

### COUNT THREE: ARIZONA WAGE ACT
### FAILURE TO PAY WAGES OWED

73.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

74.     Defendants willfully failed or refused to pay Plaintiff all wages owed for all hours worked for his shift on February 22, 2020.

75.     Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during the final two weeks of his employment with Defendants.

76.     Defendant's practice of willfully failing to pay Plaintiff wages for labor performed violates the AWA, A.R.S. § 23-351.

77.     Plaintiff is therefore entitled to compensation for all unpaid wages at an hourly rate, to be proven at trial, in an amount treble the amount of wages owed to Plaintiff, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Kenneth Rice, individually, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.    For the Court to declare and find that the Defendants violated A.R.S. Title 23, Chapter 2, by failing to pay wages owed to Plaintiff;

B.    For the Court to award compensatory damages, including treble the amount of wages owed to Plaintiff, pursuant to A.R.S. § 23-355, to be determined at trial;

C.    For the Court to award prejudgment and post-judgment interest;

D.    For the Court to award Plaintiff reasonable attorneys' fees and costs of the action;

E.    Such other relief as this Court shall deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 25th Day of March, 2020.

BENDAU & BENDAU PLLC

By: /s/ *Christopher J. Bendau*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorney for Plaintiff*